[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (105)
On June 20, 1983, Paul J. Gratta, Jr., while riding his bicycle on a Meriden street, suffered injuries caused by, inter alia, a claimed nuisance of one of the roads designed and created by the city of Meriden. The defendant Hartford Accident has refused to defend the city of Meriden in the Gratta action. Meriden has filed the instant action alleging that the defendant insurer has breached its duty to defend. The defendant has moved to strike the entire complaint on the ground that actions arising out of defective highway situations are excluded under the policy.
The duty to defend means that the insurer will defend the suit if the injured party states a claim which is for an injury covered by the policy. Krevolin v. Dimmick, 39 Conn. Sup. 44,48 (1983). The exclusion which the insurer claims relieved it of a duty to defend in Gratta reads as follows:
 IT IS AGREED THAT THE POLICY DOES NOT APPLY TO BODILY INJURY OR PROPERTY DAMAGE ARISING OUT OF CT Page 1503 ANY DEFECT OR DEFECTIVE CONDITION IN STREETS, SIDEWALKS, CULVERTS AND BRIDGES, WHICH BODILY INJURY OR PROPERTY DAMAGE IS WITHIN THE [PREVIEW] [SIC] OF THE [STATUTES] [SIC] IMPOSING A DUTY UPON THE MUNICIPALITIES TO MAKE REASONABLE EFFORTS TO MAINTAIN CERTAIN ROADS OR BRIDGES INCLUDING [SIDWALKS] [SIC], IN A REASONABLE SAFE CONDITION FOR PEDESTRIANS AND VEHICULAR TRAFFIC.
The duty of an insurer to defend its insured is determined by the allegations in the complaint brought against the insured. Missionaries of Company of Mary v. Aetna Casualty and Surety Co., 155 Conn. 104, 110 (1967). Where such a standard is employed, the insurer would not be required to defend a defective highway action based upon statute. However, the exclusion does not specifically address an insurer's duty to defend a defective highway action based upon nuisance. "Where the language [of an insurance contract is ambiguous and the ordinary meaning is unclear, the words will be construed so as to favor the insured Because it was the insurer who wrote the language." Firestone v. Poverman, 388 F. Sup. 948, 951 (1975).
Where, as here, a nuisance action was brought and there was no specific contractual provision relieving the insurer from the duty to defend such an action, it is concluded a duty to defend was owed to the city of Meriden. It is recognized that a defective highway action based upon a nuisance theory is presently untenable, C.G.S. 52-537n. Sanzone v. Board of Police Commissioner, 219 Conn. 179, 192 (1991). However, the duty of the insurer to defend is broader than its duty to indemnify. Missionaries of Company of Mary, Inc., 155 Conn. at 110. Therefore, it is concluded that under the complaint as written, the defendant would have a duty to defend the city in the Gratta action.
Accordingly, the motion to strike should be denied.
Dorsey, Judge