**31**

HERMITAGE INSURANCE COMPANY

v.

Vivian WALTERS d/b/a Sonny & Viv's
Bar and Cafe and Ozell Jacobs.

Civ. No. 3:93CV01297 (PCD).

United States District Court,
D. Connecticut.

April 10, 1995.

Lori J. Kremidas, Pepe & Hazard, Michael Feldman, Hartford, CT, for plaintiff Hermitage Ins. Co.

Howard C. Eckenrode, Meuser, Eckenrode & Hayes, Milford, CT, for defendant Vivian Walters dba Sonny & Viv's Bar & Cafe.

Vivian Walters, Ansonia, pro se.

David A. Leff, Steven J. Defrank, Jacobs, Grudberg, Belt & Dow, P.C., New Haven, CT, for defendant Ozell Jacobs.

### MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT

DORSEY, Chief Judge.

Plaintiff seeks a declaratory judgment of its obligations under its insurance policy issued to defendant Walters in relation to defendant Jacobs' lawsuit against her. Plaintiff and Jacobs have moved for summary judgment. Bankruptcy proceedings resulted in dismissal of the case as to Walters.

*Background*

Movants are not in dispute as to the facts that follow. Walters operated Sonny & Viv's Bar and Cafe (the Bar) at which alcoholic beverages were sold to the public. In a suit in Connecticut's Superior Court, Jacobs claims to have been a front seat passenger in a vehicle operated by Patrick Glover on August 18, 1990 when that vehicle was involved in a one-car accident. Jacobs claims to have sustained personal injuries which were caused by Glover's operation of the vehicle while intoxicated after visiting the Bar. Jacobs claims that Walters is liable for his injuries on the basis of negligence;

   a) in providing alcoholic beverages to Glover contrary to Conn.Gen.Stat. § 30–86;

   b) in providing alcoholic beverages to a minor;

   c) in providing alcoholic beverages to Glover when he was intoxicated;

   d) in failing to ascertain Glover's age;

   e) in failing to supervise or warn Glover of intoxication;

   f) in not preventing Glover from driving while intoxicated.

He further alleges that Walters' actions constituted reckless and wanton misconduct.

Plaintiff issued a liability insurance policy to Walters after she approached an insurance

agent in 1989. (Dep. of Louis Poeta). Her previous insurance included Dram Shop coverage which covered liability arising from sale of alcoholic beverages, but that coverage had been cancelled for non-payment of premium. *Id.* at 14. Her application for a general liability policy was processed by a broker since Poeta was not licensed by Hermitage, which issued the policy. *Id.* at 16, 17. Poeta advised Walters that general liability policies do not cover liability for sale of liquor and recommended she apply for separate Dram Shop liquor liability insurance which is available for businesses selling liquor. *Id.* at 12. She executed an application for liquor liability or Dram Shop liability insurance but did not pay the premium and the policy was thus not issued. *Id.* at 10–11. The policy, as the parties agree to be relevant, reads:

This insurance does not apply:

(h) to bodily injury or property damage for which the insured or his indemnitee may be held liable

(1) as a person or organization engaged in the business of . . . selling or serving alcoholic beverages . . .

(i) by or because of the violation of a statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or

(ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person . . .

(2) if not so engaged, as an owner or lessor of premises used for such purposes, if such liability is imposed

(i) by, or because of the violation of any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or

(ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;

but part (ii) of this exclusion does not apply with respect to liability of the insured or his indemnitee as an owner or lessor described in (2) above . . . .

Plaintiff claims that the liability policy issued excludes coverage for the liability asserted against Walters by Jacobs and for which Walters would be liable if Jacobs prevails in the state court action. Thus plaintiff seeks a declaration that it has no obligation under its policy to defend Walters in the Jacobs suit nor to indemnify her for a judgment against her therein. Jacobs, who has simply denied plaintiff's allegations of no liability, claims that he is entitled to judgment because plaintiff is not entitled to the declaratory judgment it seeks.

*DISCUSSION*

The issues presented are determined by the policy language. Jacobs does not argue that § (h)(1) is inapplicable, but that it "does not exclude liability for injuries arising out the [sic] insured's inadequate security or supervision or the insured's failure to warn or protect." He does not argue that there is ambiguity in the policy but premises his claim solely on "[t]he express language of the policy." Insurer's obligations are measured by the claims in Jacobs state action, therefore a review of that complaint is necessary. *Missionaries of Company of Mary, Inc. v. Aetna Casualty and Surety Co.,* 155 Conn. 104, 110, 230 A.2d 21 (1967).

In the two counts of Jacobs' state court complaint, ¶¶ 13)(a)–(n) specify the acts on which liability claimed. Subparagraphs (a)–(f), and (h)–(1) explicitly refer to conduct including, or incorporating, the serving, furnishing, delivering, selling or giving of alcoholic beverages to Glover or to minors, which included Glover and would only be relevant to the extent that they pertained to Glover. Unquestionably damages imposed on the basis of any of subparagraphs (a)–(f) or (h)–(1) would constitute holding Walters liable "as a person . . . engaged in the business of . . . distributing, selling or serving alcoholic beverages," the precise exclusionary language of policy section (h)–(1).

Jacobs alleges in ¶ 13(g) that Walters failed to provide personnel to check ages of patrons. That claim must be taken in the

context of the whole complaint, for merely allowing minors on premises where liquor is sold and dispensed would not constitute a claim. It is only because Glover was allowed on the premises and thereafter came to be driving the car in which Jacobs accepted a ride, that the alleged wrongful failure to provide security is causally connected to the injuries Jacobs came to suffer. Glover's mere presence on Walters' premises is not claimed nor shown to have caused Jacobs any damage. It is what Glover is claimed to have done on the premises and thereafter, as a consequence of his being on the premises, that brings his conduct into a causal connection with Jacobs' injuries. Under that analysis it is clear that liability imposed on Walters would be "as a person ... engaged in the business of ... distributing, selling or serving alcoholic beverages" within the precise exclusionary language of the policy. It is that she conducts such a business that gives rise to the claimed obligation to conduct it in a manner that prevents injury to those who foreseeably will be affected by a failure to fulfill that duty.

In paragraphs (m) and (n), Jacobs alleges that Glover was intoxicated and that Walters failed to warn him of the danger of driving in that state and failed to prevent him from doing so. These claims focus on the time period when, on Walters' premises, with Glover intoxicated, Walters allegedly failed to act so as to avoid Glover's operation of his vehicle while intoxicated. Liability thus imposed would be for a breach of duty arising from interaction of Walters with Glover leading up to his alleged intoxication at that time and place. That moment cannot be isolated because except for the other allegations which create a context in which that moment occurred, there would be no basis for holding Walters liable for what Glover did thereafter. The duty allegedly violated would not exist merely because Glover was intoxicated. A duty could only arise from the complaint as a whole which also alleges that Glover was sold, served or given alcoholic beverages which contributed to or caused his intoxicated state. Only by acting or conducting her business as to cause or contribute to Glover's condition would a duty arise to warn him or prevent his driving while intoxicated. If liability were imposed on her for violation of any such duty, it would be "as a person ... engaged in the business of ... distributing, selling or serving alcoholic beverages."

Jacobs asserts the undisputed premise that insurance covers claims even in the presence of uncovered claims. There is no claim alleged here that is not squarely within the exclusion. His assertion that ambiguity is resolved against the insurer is irrelevant because he has demonstrated no ambiguity.

Jacobs argues that the failure to provide adequate security or supervision occurred prior to Glover's presence on Walter's premises. This attempt to freeze the scene as Glover obtained entry is unavailing. If all that happened was that Glover, a minor, was permitted on Walters' premises, otherwise undescribed, there would be no facts giving rise to a relationship between Walters and Jacobs and in turn no duty on her part to act so as to avoid causing injury to Jacobs. It is only because, as Jacobs alleges, Glover came onto Walters' premises where Walters caused or contributed to the state of intoxication which in turn caused injury to Jacobs, that Walters could have had a duty to Jacobs, the violation of which in turn caused Jacobs' injuries. This also applies to his claim that as Glover left Walters' premises, a duty owed to Jacobs arose not merely because it was Walters' premises nor because Glover was then departing. Any duty Walters had arose because Glover's alleged intoxication was caused by or contributed to by Walters' serving or selling alcoholic beverages. If it were not for her serving or selling alcoholic beverages, then there would have been nothing of which to warn Glover nor any basis on which she should have prevented Glover from driving. Thus if Walters were to be held liable under ¶¶ (m) and/or (n) it would also be as a person excluded from coverage by policy ¶ (h)(1).

In its entirety Jacob's complaint seeks to impose liability on Walters as a person explicitly described in the exclusion set forth in ¶ (h)(1). *See Kelly V. Lee's Old Fashioned Hamburgers, Inc.*, 896 F.2d 923 (5th Cir. 1990); *National Fire and Marine Insurance Company v. Picazio*, 583 F.Supp. 624

34

(D.Conn.1983); *Mitcheson v. Izdepski*, 32 Mass.App.Ct. 903, 585 N.E.2d 743 (1992); *New Hampshire Insurance Co. v. Hillwinds Inn, Inc.*, 117 N.H. 350, 373 A.2d 354 (1977). The authorities cited by Jacobs could support a claim against Walters, but that is not the issue here. The foregoing discussion assumes the validity of Jacobs' claims against Walters, without deciding such. He cites no case to support his claim that plaintiff's coverage under Walters' policy extends to the claims he makes against her. Plainly the policy language excludes such coverage.

*CONCLUSION*

For the foregoing reasons plaintiff's motion (doc. #28) is granted and Jacobs' motion (doc. #26) is denied.

SO ORDERED.